UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FLAGSTAR FINANCIAL & LEASING, LLC f/k/a
Signature Financial, LLC,

              Case No.:

        Plaintiff,

  -against-

              **COMPLAINT**

SEABREEZE MEDICAL, P.A., AMY BARROW
BRUMFIELD, and MARK BARROW, SR.,

        Defendants.
------------------------------------------------------------------------x

  Plaintiff, Flagstar Financial & Leasing, LLC f/k/a Signature Financial, LLC (hereinafter referred to as "Plaintiff"), as and for its Complaint against Defendants, Seabreeze Medical, P.A. (hereinafter referred to as "Seabreeze"), Amy Barrow Brumfield ("Brumfield"), and Mark Barrow, Sr. ("Barrow," and together with Seabreeze and Brumfield, the "Defendants"), alleges upon information and belief:

## NATURE OF THE ACTION

  1. This is an action to recover money damages for breach of contract and a breach of personal guaranties.

## JURISDICTION AND VENUE

  2. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) as this action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

  3. Venue is proper in this district by virtue of the contractual agreement between Plaintiff and Defendants pursuant to which Defendants expressly consented to the commencement and prosecution of any action concerning the subject contract in this forum.

## THE PARTIES

4. Plaintiff is a New York limited liability company organized and existing under the laws of the State of New York and has a principal place of business at 100 Duffy Avenue, Suite 402, Hicksville, New York 11801.

5. Upon information and belief, Seabreeze is a Florida professional association, organized and existing under the laws of the State of Florida with an office for the transaction of business at 320 3rd Street, Suite B, Neptune Beach, Florida 32266.

6. Upon information and belief, Brumfield is an individual maintaining a residence at 1712 Lighty Lane, Neptune Beach, Florida 32266.

7. Upon information and belief, Barrow is an individual maintaining a residence at 1712 Lighty Lane, Neptune Beach, Florida 32266.

8. Upon information and belief, Brumfield and Barrow are both owners, members, shareholders, officers, directors, and/or employees of Seabreeze and have been at all times relevant to the transactions and circumstances at issue in the present action.

## FACTUAL BACKGROUND

9. On or about May 7, 2023, Seabreeze, as Debtor, entered into an Equipment Finance Agreement (which is elsewhere described as a "Security Agreement and Promissory Note") (hereinafter "Finance Agreement") with Me and My Pal, Inc. ("MMP"), as creditor, whereby MMP financed Debtor's purchase of an Emface Workstation (S/N 785F5B001120) (the "Collateral") for use in its business operations. Pursuant to the Finance Agreement, which Seabreeze executed on May 8, 2023, Seabreeze agreed to re-pay MMP (including any assigns) in six (6) installments of $99.00 each followed by sixty (60) installments of $4,899.81 each (the "Installment Payments").

{530001.037}

10. To secure repayment of the amount financed by MMP, by the Finance Agreement, Seabreeze granted MMP a first priority security interest in the Collateral.

11. As reflected by the document entitled "Pay Proceeds," dated May 8, 2023, Seabreeze, by Brumfield, authorized MMP to pay the sum of $200,000.00, plus applicable freight & sales tax, to BTL Industries for Debtor's purchase of the Collateral.

12. Upon the occurrence of an event of default, the Finance Agreement provides that Plaintiff may, *inter alia*: (i) terminate the EFA; (ii) foreclose on its security interest in the Collateral and "sell the Collateral at terms [Plaintiff] determine[s] at one or more private sales, and apply the net proceeds (after deducting any related expenses) to [Seabreeze's] payment obligations, and [Seabreeze] will remain liable for any deficiency with any excess being retained by [Plaintiff]; (iii) declare all sums due and to become due hereunder immediately due and payable, all future Payments discounted at the lower of three percent (3%) or the then-current discount rate of the Federal Reserve Bank of New York as calculated by [Plaintiff]; and, (iv) sell, dispose of, hold, or lease the Collateral.

13. The Finance Agreement further provides that any "amount not paid when due is subject to a late charge of the greater of fifty dollars ($50.00) or ten percent (10%) of such delinquent amount, but not more than the highest rate allowed by law."

14. Additionally, pursuant to the Finance Agreement and the associated personal guarantees, Defendants consented to (i) New York law governing the interpretation of the Finance Agreement without reference to choice of law principles and (ii) U.S. District Court for the Eastern District of New York (or the state court sitting in Nassau County) having exclusive jurisdiction over any action or proceeding to enforce the Finance Agreement or otherwise arising

under the Finance Agreement. Defendants expressly waived any objection based upon improper venue and/or forum non-conveniens.

15. Pursuant to the Finance Agreement, Brumfield and Barrow each personally guaranteed all of the payment obligations owed by Seabreeze to MMP (or its assigns), including, but not limited to, the Installment Payments.

16. Additionally, Brumfield and Barrow each executed separate personal guarantees, each dated as of May 7, 2023, pursuant to which they guaranteed all of the payment obligations owed by Seabreeze to MMP (or its assigns), including, but not limited to, the Installment Payments.

17. Pursuant to the Equipment Acceptance Certificate, signed by Brumfield on behalf of Seabreeze on May 12, 2023, and Exhibit A thereto, Seabreeze acknowledged its receipt of the Collateral.

18. MMP properly perfected its security interest in and to the Collateral by filing a UCC-1 Financing Statement with the Secretary of State of Florida, Secured Transaction Registry, on May 9, 2023.

19. By Assignment, dated June 1, 2023, MMP assigned its rights under the Finance Agreement and its security interest in the Collateral to Signature Financial LLC, which thereafter changed its name to Plaintiff herein.

20. By Notice of Acknowledgement of Assignment of Loan, dated June 1, 2023, Seabreeze was provided notice of the assignment of MMP's rights under the Finance Agreement to Signature Financial LLC.

21. On June 14, 2023, a UCC-3 statement was filed with the Secretary of State of Florida, Secured Transaction Registry, removing MMP as the secured party with respect to the Collateral and adding Signature Financial and Leasing, LLC as the secured party.

22. Seabreeze defaulted with respect to its payment obligations under the Finance Agreement by failing to make the Installment Payments due for the month of December 2023 and thereafter.

23. Consequently, Plaintiff sent Seabreeze, Brumfield, and Barrow a Notice of Default and Acceleration, dated March 28, 2024, providing notice of the uncured default of the Finance Agreement and the respective personal guarantees and accelerating the balance due under the Finance Agreement, which was $297,559.51 as of such date (the "Accelerated Balance").

24. As of the date hereof, neither Seabreeze, Brumfield, nor Barrow have paid any portion of the Accelerated Balance.

25. Seabreeze has surrendered the Collateral to Plaintiff's agent prior to the date hereof, however the Collateral has not yet been sold.

26. As of October 1, 2024, the sum of not less than $335,325.71 was due and owing under the Finance Agreement and associated personal guarantees, inclusive of attorneys' fees through such date.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

27. Plaintiff repeats, reiterates and realleges, Paragraphs "1" through "26" of this Complaint with the same force and effect as if fully set forth herein at length.

28. Seabreeze failed to make the monthly payment due in December 2023 with respect to the Finance Agreement, and any subsequent monthly payments, and that failure has now been deemed to be an event of default of the Finance Agreement.

5

{530001.037}

29. By reason of Seabreeze's failure to make payments when due, Plaintiff accelerated the balance due under the Finance Agreement.

30. Pursuant to the Finance Agreement, Seabreeze agreed that any past due amounts would carry a default interest rate of 18% per annum.

31. Pursuant to the Finance Agreement, Plaintiff is entitled to late fees from Seabreeze with respect to each payment it failed to timely make thereunder.

32. As a result of the foregoing, Seabreeze remains indebted to Plaintiff pursuant to the Finance Agreement in the sum of not less than $335,325.71, inclusive of late fees and attorneys' incurred as of the date hereof.

33. By virtue of the foregoing, Plaintiff is entitled to judgment as against Seabreeze in the amount of not less than $335,325.71, together with appropriate interest thereon, the costs and disbursements of this action, and reasonable attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Personal Guarantees)**

34. Plaintiff repeats, reiterates and realleges the allegations set forth in Paragraphs "1" through "33" of the Complaint with the same force and effect as if fully set forth herein at length.

35. In order to induce MMP, Plaintiff's predecessor-in-interest, to enter into the Finance Agreement, Brumfield and Barrow, *jointly and severally*, in return for good and valuable consideration, executed personal guarantees both as part of the Finance Agreement and in separate writings (collectively, the "Personal Guarantees"), whereby each absolutely and unconditionally guaranteed the full and prompt payment when due of all present and future obligations of Seabreeze to MMP and its assigns, including Plaintiff, with respect to the Finance Agreement, including the Installment Payments.

36. By reason of the Personal Guarantees, Brumfield and Barrow are liable for all charges (including reasonable attorneys' fees and late fees) which are otherwise due and owing from Seabreeze to Plaintiff pursuant to the Finance Agreement.

37. Accordingly, Brumfield and Barrow remain liable to Plaintiff, *jointly and severally*, in the amount of not less than $335,325.71 as of the date hereof, together with appropriate interest thereon, and reasonable attorneys' fees.

38. By virtue of the foregoing, Plaintiff is entitled to judgment as against Brumfield and Barrow, *jointly and severally*, pursuant to their respective Personal Guarantees in the amount of not less than $335,325.71, together with appropriate interest thereon, the costs and disbursements of this action, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(i) On the First Cause of Action, against Seabreeze, in the sum of not less than $335,325.71, together with appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees;

(ii) On the Second Cause of Action, against Brumfield and Barrow, *jointly and severally*, in the sum of not less than $335,325.71, together with the appropriate interest thereon, late charges, the costs and disbursements of this action, and reasonable attorneys' fees; and,

(iii) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 1, 2024

BRONSTER LLP
Attorneys for Plaintiff

By: *s//J. Logan Rappaport*
J. Logan Rappaport, Esq.
156 West 56th Street, Suite 703
New York, New York 10019
Tel: (347) 826-5051
lrappaport@bronsterllp.com

7

{530001.037}