UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

Flagstar Financial & Leasing, LLC f/k/a       Civil Action No.
Signature Financial, LLC,       2:24-cv-06959-JS-AYS

      Plaintiff,

      - against -       **Answer**

Seabreeze Medical, P.A., Amy Barrow Brumfield,
and Mark Barrow, Sr.,       **Jury Trial Demanded**
      Defendants.

---------------------------------------------------------------------x

Defendants Seabreeze Medical, P.A., Amy Barrow Brumfield, and Mark Barrow, Sr., by and through their attorneys Mazzola Lindstrom, LLP, hereby answers , upon information and belief, the allegations of Flagstar Financial & Leasing, LLC f/k/a Signature Financial, LLC. in its complaint of October 2, 2024. Defendants deny each and every allegation made by Flagstar Financial & Leasing that is not expressly and specifically admitted below.

### Nature of Action

1.      Defendants admit that this is an action to recover for an alleged breaches of contract and personal guarantees, but deny any claim of breach them.

### Jurisdiction and Venue

2.      Defendants admit the allegations in paragraph 2.

3.      Defendants admit the allegations in paragraph 3.

### The Parties

4.      Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

5.      Defendants admit the allegations in paragraph 5.

6.      Defendants admit the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.     Defendants admit that Brumfield and Barrow are owner members of Seabreeze, as alleged in paragraph 8.

## Factual Background

9.     Defendants admit that they signed the document referred to in paragraph 9, but contend that the document, a purported finance agreement, was crafted to defraud them, as the Emface Workstation was itself a fraud, akin to snake oil, and defendants otherwise refer to the court and to the jury the issue of whether the purported finance agreement, founded in fraud, is enforceable.

10.     Defendants admit that MMP was granted a first priority security interest in the collateral, the Emface Workstation, as alleged in paragraph 10.

11.     Defendants admit the allegations in paragraph 11, and allege that such payment was induced by the fraud of BTL Industries, with the knowing participation in the fraud by MMP.

12.     As to paragraph 12, defendants refer all issues of contract interpretation to the court, and allege that the Finance Agreement, founded in fraud, is unenforceable.

13.     As to paragraph 13, defendants refer all issues of contract interpretation to the court, and allege that the Finance Agreement, founded in fraud, is unenforceable.

14.     As to paragraph 14, defendants refer all issues of contract interpretation to the court, and allege that the Finance Agreement, founded in fraud, is unenforceable.

15.     As to paragraph 15, defendants refer all issues of the personal guarantees to the court, and allege that the guarantees, being at the center of the fraud, are unenforceable.

16.     As to paragraph 16, defendants refer all issues of the personal guarantees to the court, and allege that the guarantees, being at the center of the fraud, are unenforceable.

17.     As to paragraph 17, defendants acknowledge receipt of the Emface Workstation, but aver that, as it was a fraudulent product, there was no true collateral and thus a failure of consideration.

18.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22.     Defendants deny the allegations in paragraph 22.

23.     As to paragraph 23, defendants deny, as alleged, the allegations contained therein, to the extent that such presupposes the existence of a default on their part.

24.     As to paragraph 24, defendants deny, as alleged, the allegations contained therein, to the extent that such presupposes the existence of a default on their part and obligation to pay, where the claim arises out of a scheme to defraud the defendants.

25.     As to paragraph 25, defendants admit that they surrendered the purported collateral, and allege that the reason plaintiff has been unable to sell it is that it has no value and is entirely fraudulent.

26.     Defendants deny the allegations in paragraph 26.

### As to the First Cause of Action – Breach of Contract

27.     As to paragraph 27, defendants repeat and reallege each and every allegation contained in the above paragraphs.

28.     As to paragraph 28, defendants deny the allegations therein, and aver that the Emface Workstation was a scam.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

**As to the Second Cause of Action – Breach of Personal Guarantees**

34.     As to paragraph 34, defendants repeat and reallege each and every allegation contained above.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

**First Affirmative Defense – Lack of Holder in Due Course Status**

39.     Defendants repeat and reallege each and every allegation contained above.

40.     The Emface Workstation was a sham.

41.     Flagstar's predecessor MMP knew, or should have known, that it was participating in a fraudulent scheme to defraud the defendants.

42.     MMP had guilty knowledge or willful ignorance of the defect that the note was defective in being founded upon fraud, and MMP thus lacked good faith in taking possession of the note.

43.     The quick assignment by MMP of the debt on June 1, 2023, within about three weeks of the date of the Equipment Finance Agreement (May 8, 2023) to Flagstar, then known as Signature Bank, was a red flag that the deal was a scam.

44.     Flagstar knew, or should have known, that the loan itself was part and parcel of the scam to defraud the defendants.

45.     The initial installment payments of the nominal amount of $99.00 for the first six months was intended by MMP and BTL to assure that the initial payments were made, so that there would be no instances of non-payment of the loan prior to the quick assignment of the note to Signature / Flagstar.

46.     The nominal initial installment payments of $99.00 was a red flag that the deal was a scam.

47.     Signature / Flagstar accepted many assignments arising out of BTL's sales of the Emface Workstation, and knew, or should have known, that the companies and individuals to whom this snake-oil product had been sold were victims of a fraudulent scheme to defraud them, and that by accepting the assignments, Signature / Flagstar were, in sum, facilitating the scam.

48.     Flagstar had guilty knowledge or willful ignorance of the defect that the note was defective in being founded upon fraud, and Flagstar thus lacked good faith in taking possession of the note.

49.     Accordingly, Flagstar is not a holder in due course, and is subject to all of the defenses that could be asserted against BTL and against MMP, including the following.

## Second Affirmative Defense – Fraud

50.     Defendants repeat and reallege each and every allegation contained above.

51.     Upon information and belief, BTL defrauded the defendants by:

a)  Misrepresenting to the defendants the terms of the loan, advising that the loan was not a personal loan, having them sign the contract documents and deliberately failing to provide them with copies.

b)  Misrepresenting the potential use and profitability of the Emface Workstation.

c)  Misrepresenting that customer support and marketing opportunities would be provided.

d)  Misrepresenting that the Emface Workstation would be taken back by BTL if it did not prove to be profitable and that there would be no further payment obligations.

e)  Misrepresenting that the interest rate was 5% when it was actually 9%, which was not clearly stated in the contract and loan documents.

f)  Misrepresenting that the purported collateral would back up the loan, when in fact the Emface Workstation was a fraudulent product, having *de minimis* value, because it was utterly ineffective, and indeed useless.

52.     MMP knew, or should have known, of BTL's fraudulent scheme, and that its financing of the purchase of the Emface Workstation facilitated (*i.e.*, aided and abetted) the scheme.

53.     As a result of BTL's fraud, the defendants cannot be found to be in default of either the finance agreement or the personal guarantees.

54.     As a result of MMP's fraud, the defendants cannot be found to be in default of either the finance agreement or the personal guarantees.

55.     As a result of BTL's fraud, the defendants' obligations to perform (i.e., make payment) are excused.

56.     As a result of MMP's fraud, the defendants' obligations to perform (i.e., make payment) are excused.

### Third Affirmative Defense – Failure of Consideration

57.     Defendants repeat and reallege each and every allegation contained above.

58.     Because the Emface Workstation was fraudulent, akin to snake oil, the defendants never received a thing of value. Therefore, the defendants have no obligation to pay for it.

*** 

### Defendants Demand a Jury Trial

*** 

WHEREFORE, the claims against defendants Seabreeze Medical, P.A., Amy Barrow Brumfield and Mark Barrow must be dismissed, and costs and attorneys' fees must be awarded to the defendants.

Dated:  New York, New York
      February 27, 2025

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

By: _____
Richard E. Lerner
1350 Avenue of the Americas,
2nd Floor
New York, NY 10019
(646) 813-4345
(917) 584-4864
richard@mazzolalindstrom.com

*Attorneys for defendant Seabreeze Medical, P.A., Amy Barrow Brumfield and Mark Barrow*

**Service via ECF**